# United States Bankruptcy Court
## Central District of Illinois

In re: **David P Mullikin / Sophrenia L Mullikin**, Debtor(s)

Case No.
Chapter **13**

## CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$370.00** per month for **60** months.

   Total of plan payments: **$22,200.00**

2. <u>Plan Length</u>: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee:   **10.00**%
      (2) Attorney's Fee (unpaid portion):   **$3,310.00 to be paid through plan in monthly payments**
      (3) Filing Fee (unpaid portion):   **NONE**

   b. Priority Claims under 11 U.S.C. § 507

      (1) Domestic Support Obligations

         (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

         (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

         **-NONE-**

         (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

         | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
         |---|---|---|
         | **-NONE-** | | |

         (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

         Claimant and proposed treatment:   **-NONE-**

    (2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

  c.  Secured Claims

    (1) Pre-Confirmation Adequate Protection Payments.  Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below.  Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim.  The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| -NONE- | | |

    (2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

      (a) Secured Claims Subject to Valuation Under § 506.  The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a).  Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full.  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.  Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

      (b) Secured Claims Not Subject to Valuation Under § 506.  Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

    (3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

  d.  Unsecured Claims

    (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

    (2) General Nonpriority Unsecured: Other unsecured debts shall be paid **100** cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5.  The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

6.  The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Esb/harley Davidson Cr** | **6,000.00** | **165.00** | **11.00%** |
| **Gm Financial** | **9,999.00** | **419.00** | **17.00%** |
| **Midwest MHC Finance, LLC** | **4,501.00** | **185.00** | **8.00%** |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
   **NONE. Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are rejected:

   | Other Party | Description of Contract or Lease |
   |---|---|
   | **-NONE-** | |

9. Property to Be Surrendered to Secured Creditor

   | Name | Amount of Claim | Description of Property |
   |---|---|---|
   | **-NONE-** | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

    | Name | Amount of Claim | Description of Property |
    |---|---|---|
    | **-NONE-** | | |

11. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:
    **(1) The student loan debts owed to the Department of Education (Nelnet) shall not be paid through the plan. These debts are in deferrment. Debtors shall resume making normal payments on those debts subject to the terms of the original agreement. Debtors do not seek a discharge of those debts.**

    **(2) The ESB Harley Davidson, GM Financial and Midwest MHC Finance shall not be paid through the plan.**

    **(3) Late filed claims are disallowed and shall not be paid through the plan.**

Date **September 16, 2016**    Signature **/s/ David P Mullikin**
**David P Mullikin**
Debtor

Date **September 16, 2016**    Signature **/s/ Sophrenia L Mullikin**
**Sophrenia L Mullikin**
Joint Debtor

# United States Bankruptcy Court
## Central District of Illinois

In re: David P Mullikin, Sophrenia L Mullikin, Debtor(s)

Case No.
Chapter 13

## CHAPTER 13 PLAN
(Signature Page)

Date September 16, 2016    Signature _/s/ D Mullikin_
**David P Mullikin**
Debtor

Date September 16, 2016    Signature _/s/ S. Mullikin_
**Sophrenia L Mullikin**
Joint Debtor

United States Bankruptcy Court
Central District of Illinois

In re:
David P Mullikin
Sophrenia L Mullikin
    Debtors

Case No. 16-90923-tlp
Chapter 13

## CERTIFICATE OF NOTICE

```
District/off: 0753-2          User: dphi                  Page 1 of 1                  Date Rcvd: Sep 16, 2016
                              Form ID: pdfplan            Total Noticed: 18
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 18, 2016.
db/jdb         +David P Mullikin,    Sophrenia L Mullikin,    57 Apple Lane,    Bourbonnais, IL 60914-9506
6671000        +APS,    PO Box 5594,   Bankruptcy,    Carol Stream, IL 60197-5594
6671001        +Cnvrgt Hthcr,    121 Ne Jefferson St Ste,    Peoria, IL 61602-1256
6671002        +Cont Cntl Cr,    Po Box 131120,    Carlsbad, CA 92013-1120
6671006        +DSG Collect/ONCOAS22,    P.O. Box 1022,    Bankruptcy,   Wixom, MI 48393-1022
6671008        +Gm Financial,    Po Box 181145,    Arlington, TX 76096-1145
6671009        +Kevin Parks,    362 S Fultan Ave,    Bradley, IL 60915-2320
6671010        +Med Busi Bur,    1460 Renaissance Dr,    Park Ridge, IL 60068-1349
6671011        +Midwest MHC Finance, LLC,    43 E 5000 Rd North,    Bourbonnais, IL 60914-4474
6671013        +Personal Finance Co,    31 Meadowview Center,    Kankakee, IL 60901-2079
6671014        +Presence Health,    62314 Collection Center Dr,    Bankruptcy,    Chicago, IL 60693-0623
6671015        +Tristar Estates,    43 E 5000 Rd N,    Bourbonnais, IL 60914-4474
6671016        +Verizon Wireless,    Po Box 49,    Lakeland, FL 33802-0049
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
6671003        +E-mail/Text: clerical.department@yahoo.com Sep 16 2016 19:44:56      Creditors Collection B,
                 755 Almar Pkwy,    Bourbonnais, IL 60914-2393
6671004        +E-mail/Text: clerical.department@yahoo.com Sep 16 2016 19:44:56      Credtrs Coll,
                 755 Almar Pkwy,    Bourbonnais, IL 60914-2392
6671005        +E-mail/Text: electronicbkydocs@nelnet.net Sep 16 2016 19:45:12      Dept Of Education/neln,
                 121 S 13th St,    Lincoln, NE 68508-1904
6671007        +E-mail/Text: bankruptcy.notices@hdfsi.com Sep 16 2016 19:45:26      Esb/harley Davidson Cr,
                 Po Box 21829,    Carson City, NV 89721-1829
6671012        +E-mail/Text: mmrgbk@miramedrg.com Sep 16 2016 19:45:12      Miramedrg,   991 Oak Creek Dr,
                 Lombard, IL 60148-6408
                                                                                              TOTAL: 5

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 18, 2016                                         Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 16, 2016 at the address(es) listed below:
              Mark M Berardi    on behalf of Joint Debtor Sophrenia L Mullikin mberardilaw@gmail.com,
               mberardilaw@gmail.com
              Mark M Berardi    on behalf of Debtor David P Mullikin mberardilaw@gmail.com,
               mberardilaw@gmail.com
              Marsha L Combs-Skinner    Trusteecs@Danville13.com,
               marsha@danville13.com;mcombs-skinner@ECF.epiqsystems.com,
              U.S. Trustee    USTPRegion10.PE.ECF@usdoj.gov
                                                                                              TOTAL: 4
```